James D. WORDEN, Plaintiff
and Appellee,

v.

Linda M. WORDEN, Defendant
and Appellant.

Civ. No. 880200.

Supreme Court of North Dakota.

Jan. 9, 1989.

As Corrected March 8, 1989.

Ken R. Sorenson, of Vinje Law Firm, Bismarck, for plaintiff and appellee.

Stephen A. Flynn, of Legal Assistance of ND, Bismarck, for defendant and appellant.

VANDE WALLE, Justice.

Linda Worden appealed from a divorce judgment awarding custody of Elizabeth Ann Thurston (Beth) and Christopher James Worden to James D. Worden. We affirm the award of Christopher's custody to James, reverse the award of Beth's custody to James, and remand for entry of judgment placing Beth in Linda's custody.

James and Linda were married on December 16, 1985. They are the natural parents of Christopher who was born on May 21, 1985. At the time of the marriage Linda's daughter, Beth, born October 1, 1981, was four years old. Robert Jeffrey Murren is Beth's father and, although he does not exercise visitation rights, his

present support obligation is $75 per month. James has not adopted Beth.

During the course of James and Linda's marriage, Linda has had primary responsibility for Beth and Christopher's daily care, while James has held various types of employment, including construction work, truck driving, and general farm labor.

The parties separated during July 1987 when James began living with another woman with whom he currently resides. Linda is currently unemployed and relies primarily on public assistance for her source of income. She has had four separate residences since the separation; an apartment that was condemned, a mobile home from which she was evicted for failure to pay rent, and a residence which she shared with eleven other persons, including her children and a boyfriend. Linda now resides alone with her two children in a one-bedroom apartment.

▮▮ The trial court found that it would be in both children's best interests to be placed in James's custody with reasonable visitation for Linda. The court also found that there existed exceptional circumstances, "namely, the unstable lifestyle of [Linda] and the failure of the [natural] father to visit with his daughter," to warrant placing Beth in James's custody. On appeal Linda asserts that the trial court's award of custody is clearly erroneous.

In a divorce proceeding the trial court must award custody of a minor child based upon a determination of the best interest and welfare of the child. Sections 14–05–22(1) and 14–09–06.1, N.D.C.C. The trial court's custody determination is a finding of fact which will not be set aside on appeal unless it is clearly erroneous. Rule 52(a), N.D.R.Civ.P.

The trial court specifically found that James has a more stable lifestyle than Linda and that he has the facilities and resources, such as a home, a motor vehicle, and employment, suitable for providing care for minor children. The trial court determined that it would be in Christopher's best interest to be placed in James's custody. We are not left with a definite and firm conviction that the trial court

made a mistake in this regard. We conclude, therefore, that the trial court's finding is not clearly erroneous and accordingly we will not disturb the trial court's placement of Christopher in James's custody.

A more complicated legal problem exists regarding Beth's custody. Beth is Linda's natural daughter but is neither James's natural nor adopted child. In addition, James's presence in Beth's life has been short-lived and sporadic. Beth was four years old when Linda and James were married and she was not yet six years old when James and Linda separated.

▮▮ Parents have the right to the custody and companionship of their children superior to that of any other person. *Hust v. Hust,* 295 N.W.2d 316 (N.D.1980). When there is a custody dispute between a natural parent and a third party the test is whether or not there are exceptional circumstances which require that in the best interest of the child, the child be placed in the custody of the third party rather than with the biological parent. *Mansukhani v. Pailing,* 318 N.W.2d 748 (N.D.1982). The court cannot award custody to a third party, rather than the natural parent, under a "best interest of the child" test unless it first determines that "exceptional circumstances" exist to trigger the best-interest analysis. *In Re Buchholz,* 326 N.W.2d 203 (N.D.1982). Absent exceptional circumstances the natural parent is entitled to custody of the child even though the third party may be able to offer more amenities.

▮▮ In this case the trial court found that the mother's unstable lifestyle and the natural father's failure to visit Beth constituted exceptional circumstances.

This court has not attempted to narrowly define or circumscribe the exceptional circumstances which must exist to permit a court to consider placing custody of a minor child with a third party rather than the natural parent. However, each case in which such a placement has been upheld by this court has involved a child who has been in the actual physical custody of the third party for a sufficient period of time to develop a psychological parent relationship

with that third party. *Daley v. Gunville,* 348 N.W.2d 441 (N.D.1984); *Mansukhani v. Pailing,* 318 N.W.2d 748 (N.D.1982). No such circumstances exist in this case.

Prior to these proceedings, Beth has spent her entire life, with minor exceptions, in Linda's custody and care. There is no evidence that Beth has formed a psychological parent relationship with James or any other third party. We conclude, therefore, that the trial court's finding of exceptional circumstances to place Beth in James's custody rather than with Linda is clearly erroneous.

We are aware that the decision we make today results in a split-custody arrangement with Beth in Linda's custody and her half-brother, Christopher, in James's custody. Although there was testimony that Beth and Christopher get along well, there was no evidence in the record that serious detriment would occur to either by placing them in separate homes. Whether the need to place siblings in the same household could ever, in itself, constitute exceptional circumstances which would justify custody placement in a third party rather than with a natural parent is a question we need not resolve. In this case there is simply no evidence to show that a split-custody arrangement is not in the children's best interests. See also, *Gravning v. Gravning,* 389 N.W.2d 621 (N.D.1986).

Where a natural parent's fitness to provide a minimal standard of adequate care for a child is at issue, proceedings under the Uniform Juvenile Court Act, Chapter 27–20, N.D.C.C., are available to protect and safeguard the interests of both parent and child. If Linda's "unstable lifestyle" to which the trial court refers is serious enough to raise an issue of child deprivation, appropriate proceedings can be commenced under Chapter 27–20, N.D.C.C. It is improper to deprive Linda of Beth's custody on the ground of unfitness in these proceedings, because parental fitness is not the appropriate test. *Mansukhani v. Pailing,* 318 N.W.2d 748 (N.D.1982).

We affirm Christopher's custody placement with James, reverse Beth's custody placement with James, and remand for en-try of judgment placing Beth in Linda's custody.

ERICKSTAD, C.J., and GIERKE and MESCHKE, JJ., concur.

LEVINE, J., concurs in the result.