2010 ND 2

**Katherine EDWARDS, Plaintiff and Appellant**

v.

**Robert EDWARDS, Defendant and Appellee.**

**No. 20090043.**

Supreme Court of North Dakota.

Jan. 12, 2010.

Monte L. Rogneby, Bismarck, N.D., for plaintiff and appellant.

Michael S. McIntee, Towner, N.D., for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Katherine Edwards appeals a district court judgment awarding Robert Edwards visitation and certain legal custody rights with K.A.E., Katherine Edwards' daughter and Robert Edwards' stepdaughter, as part of a divorce action. We affirm in part and reverse in part.

I

[¶ 2] Katherine and Robert Edwards first married in "1989 or 1990." They divorced in September 1996. In December 1996, Katherine Edwards gave birth to K.A.E., whose biological father is not Robert Edwards. In September 1997, Katherine and Robert Edwards married for the second time. They had twins together in 2001. K.A.E. has lived with Katherine and Robert Edwards since shortly after her birth and has minimal contact with her biological father.

[¶ 3] Katherine and Robert Edwards divorced again in 2008. As part of the divorce action, the district court gave Robert Edwards visitation rights with K.A.E. The district court also gave Robert Edwards certain rights and duties with regard to K.A.E. While the district court did not refer to the rights and duties as legal custody rights but instead stated they were "rights and duties which go along with Robert's visitation privileges," they are in effect certain legal custody rights, or "decisionmaking responsibility" under the current N.D.C.C. ch. 14–09. The district court awarded Robert and Katherine Edwards the right to participate on an equal basis in making major decisions concerning K.A.E.'s upbringing, including her education, health care, and religious training; the right to mutually discuss and develop a workable agreement concerning the education of K.A.E. (and the duty to keep each other informed of the names and addresses of the schools attended by

K.A.E.); the right to attend educational conferences concerning K.A.E.; the right to have reasonable access to K.A.E. by written, telephonic, and electronic means; and the right to obtain necessary medical, psychological, dental, and other health care services for K.A.E. The district court also conferred on Robert and Katherine Edwards the duties to inform each other as soon as reasonably possible of a serious accident or serious illness for which K.A.E. receives health care treatment and to immediately inform each other of a change in residential telephone number and address. The district court stated that during times when Robert and Katherine Edwards are unable to agree on an appropriate course of action for decisions concerning K.A.E., Katherine Edwards, as primary physical custodian, will make the ultimate decision. The district court also ordered that all rights and duties of Robert Edwards are subservient to those of K.A.E.'s biological father.

[¶ 4] Katherine Edwards appeals, arguing the district court clearly erred by awarding Robert Edwards visitation and custodial rights with K.A.E. without first finding Robert Edwards was a psychological parent and without finding such an order was necessary to prevent serious detriment to the welfare of K.A.E. Katherine Edwards also argues the district court did not have jurisdiction to adjudicate visitation and custodial rights of K.A.E. as part of the divorce, because jurisdiction over parties and their children as part of a divorce proceeding is limited to children of the marriage.

[¶ 5] Robert Edwards contends the appeal by Katherine Edwards was frivolous, and he requests costs and attorney's fees.

[¶ 6] The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28-27-01.

## II

[¶ 7] A district court's determinations on visitation are findings of fact, which will not be reversed on appeal unless they are clearly erroneous. *Berg v. Berg*, 2000 ND 36, ¶ 18, 606 N.W.2d 895. Similarly, a district court's award of custody is treated as a finding of fact and will not be reversed unless clearly erroneous. *Hogan v. Hogan*, 2003 ND 105, ¶ 6, 665 N.W.2d 672. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence we are left with a definite and firm conviction a mistake has been made. *Berg*, 2000 ND 36, ¶ 18, 606 N.W.2d 895.

### A

[¶ 8] Katherine Edwards first contends the district court did not have jurisdiction to decide legal custody and visitation of K.A.E. as part of the divorce, because Robert Edwards is not K.A.E.'s biological father. This Court has held, however, that in a divorce proceeding, an award of custody may be made to a third party if exceptional circumstances require that such a custody disposition be made. *See Worden v. Worden*, 434 N.W.2d 341, 342 (N.D.1989) (reversing an award of custody to a child's stepfather as part of a divorce, because the stepfather's presence in the child's life was "short-lived and sporadic"); *Hust v. Hust*, 295 N.W.2d 316, 318–19 (N.D.1980) (reversing an award of custody to a child's grandparents as part of a divorce, because the district court failed to find exceptional circumstances justifying the award). *Hamers v. Guttormson*, 2000 ND 93, 610 N.W.2d 758, though not a divorce action, clearly laid out the exceptional circumstances framework. In that case, we stated:

It is well-settled that parents have a paramount and constitutional right to the custody and companionship of their children superior to that of any other person. That right, however, is not absolute, and in custody disputes between a natural parent and a third party exceptional circumstances may require, in the child's best interests to prevent serious harm or detriment to the child, that the child be placed in the custody of a third party rather than with the natural parent. While this Court has not attempted to narrowly define or circumscribe the exceptional circumstances which must exist to permit a court to consider placing custody of a minor child with a third party rather than with the natural parent, each case in which such a placement has been upheld by this Court has involved a child who has been in the actual physical custody of the third party for a sufficient period of time to develop a psychological parent relationship with that third party.

*Hamers,* 2000 ND 93, ¶ 5, 610 N.W.2d 758 (citations omitted). A maxim of jurisprudence provides, "The greater contains the less." N.D.C.C. § 31–11–05(27). Thus, because custody may be awarded to a third party in exceptional circumstances in order to prevent serious harm or detriment to a child, visitation may also be awarded under those conditions.

[¶ 9] In *Worden,* we noted that in each case in which custody to a third party rather than to a natural parent has been upheld, the child has been in the actual physical custody of the third party for a sufficient period in which to develop a "psychological parent" relationship with that party. *Worden,* 434 N.W.2d at 342–43. Katherine Edwards contends the district court erred when it failed to decide whether Robert Edwards was a psychological parent. K.A.E. has lived with Katherine and Robert Edwards for nearly her entire life. The district court found that she has had only minimal contact with her biological father, and that Robert Edwards "is truly the only 'father' [she] has ever known." The district court found Robert Edwards has loved and cared for K.A.E. in the same manner he has for the twins, and has provided for all of her needs. The district court found:

In arriving at its decision to allow Robert to have visitation with [K.A.E.], the Court finds it unnecessary to attach any label—such as "psychological parent"—to the role Robert has played in [K.A.E.'s] life, essentially from the moment of her birth. *See, e.g.: Mansukhani v. Pailing,* 318 N.W.2d 748 (N.D. 1982); *Gardebring v. Rizzo,* 269 N.W.2d 104 (N.D.1978); *In Interest of D.G.,* 246 N.W.2d 892 (N.D.1976). To reiterate, Robert has always been [K.A.E.'s] *father,* in every sense of the word—and there was no evidence presented to the Court that her natural father ... has any intentions of supplanting Robert in that role.

[¶ 10] Though the district court did not label Robert Edwards a "psychological parent," it made a finding at least as great as a psychological parent when it found he has always been her "father, in every sense of the word." The district court found that Robert Edwards was the only father K.A.E. has ever known and that the two have a loving, healthy relationship. The court did not use the words "exceptional circumstances," but the effect of its findings is nonetheless that completely cutting K.A.E. off from "the only 'father' [she] has ever known" would likely cause her serious harm and detriment. In light of these exceptional circumstances, it was not clearly erroneous for the district court to award Robert Edwards visitation with K.A.E. The legislature has also recognized the relationship that arises between step-

parent and stepchild. Section 14–09–09 of the North Dakota Century Code requires a stepparent to support a stepchild for as long as the stepchild is a part of the stepparent's family.

[¶ 11] Our holding here does not mean that visitation should be awarded to all stepparents in a divorce, but rather that in some cases exceptional circumstances may require, in a child's best interests and in order to prevent serious harm or detriment to the child, that the child should have visitation with a third party. *See, e.g., Hamers v. Guttormson*, 2000 ND 93, 610 N.W.2d 758; *Worden v. Worden*, 434 N.W.2d 341 (N.D.1989); *Hust v. Hust*, 295 N.W.2d 316 (N.D.1980).

### B

[¶ 12] In addition to visitation, the district court also gave Robert Edwards certain rights and duties with regard to K.A.E. While the district court did not refer to the rights and duties as legal custody rights but instead stated they were "rights and duties which go along with Robert's visitation privileges," they are effectively legal custody rights, or "decisionmaking responsibility" under the current N.D.C.C. ch. 14–09. The district court awarded Robert and Katherine Edwards the right to participate on an equal basis in making major decisions concerning K.A.E.'s upbringing, including her education, health care, and religious training; the right to mutually discuss and develop a workable agreement concerning the education of K.A.E. (and the duty to keep each other informed of the names and addresses of the schools attended by K.A.E.); the right to attend educational conferences concerning K.A.E.; the right to have reasonable access to K.A.E. by written, telephonic, and electronic means; and the right to obtain necessary medical, psychological, dental, and other health

care services for K.A.E. The district court also conferred on Robert and Katherine Edwards the duties to inform each other as soon as reasonably possible of a serious accident or serious illness for which K.A.E. receives health care treatment and to immediately inform each other of a change in residential telephone number and address. The district court ordered that when Robert and Katherine Edwards are unable to agree on an appropriate course of action for decisions concerning K.A.E., Katherine Edwards, as primary physical custodian, will make the ultimate decision.

[¶ 13] The district court awarded Robert Edwards joint legal custody and visitation with the twins, but awarded him only visitation privileges with K.A.E. While some of the rights and duties the district court awarded to Robert Edwards concerning K.A.E. are reasonable and relate to visitation, others are decisionmaking authority. We affirm those related to visitation and communication, including the right to reasonable access to K.A.E. by written, telephonic, and electronic means; the right to obtain emergency medical, psychological, dental, and other health care services for K.A.E.; the duty to inform Katherine Edwards as soon as reasonably possible of a serious accident or serious illness for which K.A.E. receives health care treatment; and the duty to immediately inform Katherine Edwards of a change in residential telephone number and address. We reverse the other rights granted to Robert Edwards, including the right to participate on an equal basis in making major decisions concerning K.A.E.'s upbringing, including her education, health care, and religious training; the right to mutually discuss and develop a workable agreement with Katherine Edwards concerning the education of K.A.E.; and the right to attend educational conferences concerning K.A.E. Additionally, we

affirm the duties of Katherine Edwards to keep Robert Edwards informed of the names and addresses of the schools attended by K.A.E.; to inform Robert Edwards as soon as reasonably possible of a serious accident or serious illness for which K.A.E. receives treatment; and to immediately inform Robert Edwards of a change in residential telephone number and address.

### C

[¶ 14] Robert Edwards contends Katherine Edwards' appeal is frivolous and asks this Court to award him attorney's fees for the appeal.

[¶ 15] Under N.D.R.App.P. 38, "If the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs, including reasonable attorney's fees." "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith." *Healy v. Healy*, 397 N.W.2d 71, 76 (N.D. 1986).

[¶ 16] We conclude the appeal is not frivolous or taken in bad faith, and we deny the request for attorney's fees.

### III

[¶ 17] We affirm the district court's award to Robert Edwards of visitation with K.A.E. We reverse the district court's award of decisionmaking authority to Robert Edwards.

[¶ 18] GERALD W. VANDE WALLE, C.J., DONOVAN J. FOUGHTY, D.J., and MARY MUEHLEN MARING, J., concur.

DANIEL J. CROTHERS, J., concurs in the result.

[¶ 19] The Honorable DONOVAN J. FOUGHTY, D.J., sitting in place of KAPSNER, J., disqualified.