# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 76

In the Interest of the Guardianship of J.O.

L.O. and S.O.,                                                    Petitioners

      v.

K.M.E., mother,                              Respondent and Appellant

### No. 20200194

Appeal from the Juvenile Court of Ramsey County, Northeast Judicial District, the Honorable Lonnie Olson, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Samuel A. Gereszek, Grand Forks, ND for respondent and appellant.

**VandeWalle, Justice.**

[¶1]   K.M.E. appealed from an order extending a guardianship over her biological child J.O. We affirm.

I

[¶2]   On October 17, 2017, L.O. and S.O. were granted guardianship of J.O. and his stepsister, I.E., under N.D.C.C. § 27-20-30. L.O. and S.O. are J.O.'s maternal grandparents. K.M.E. is J.O.'s biological mother, and her husband, K.R.E., is J.O.'s stepfather and I.E.'s biological father.

[¶3]   Before the petition for guardianship was filed, K.M.E. and K.R.E. left J.O. in the care of L.O. and S.O. "for an indefinite period of time" and did not make plans to resume physical custody. The juvenile court noted K.M.E. and K.R.E. "failed to provide food, shelter, and medical attention to adequately provide for the minor child's needs since June 1, 2017." The court took judicial notice of four pending criminal matters with pending bench warrants against K.M.E. and four more against her husband. The court suspended K.M.E.'s rights of custody over J.O. "due to her lack of stability, pending criminal charges, and inability to properly care for and nurture the minor child and to provide a stable living environment." The court appointed L.O. and S.O. as guardians over J.O. for an unlimited duration under N.D.C.C. § 27-20-36. At the same time, L.O. and S.O. sought guardianship and were appointed guardians of I.E.

[¶4]   I.E. later returned to K.M.E. and K.R.E.'s home. After K.R.E. petitioned the juvenile court and L.O. and S.O. did not object in the related case, the guardianship over I.E. was terminated. On March 2, 2020, K.M.E. and K.R.E. filed an ex parte motion for termination of the guardianship over J.O., as well. The court granted a default order terminating the guardianship before it realized L.O. and S.O. filed a response to the motion. After realizing a response had been filed, the court vacated the default order. The court set a hearing date after noting a statutory change required a hearing after a year. The court noted

the statutory change also required good cause to extend the guardianship for more than one year and up to three years.

[¶5]   At the hearing, J.O. stated he wanted to continue living with L.O. and S.O. He also said he did not want contact with his mother. K.M.E. testified that she works from home and is now sober. The juvenile court found she now lives in a three-bedroom apartment with K.R.E. and three other children, including I.E. However, the court stated it was clear J.O. "has not worked through the anger issues arising from the deprivation and is not ready to go home." The court again took judicial notice of K.M.E. and K.R.E.'s criminal history of felony convictions and misdemeanor crimes of dishonesty within the past ten years. The court used these crimes when it weighed K.M.E. and K.R.E.'s "credibility of sobriety and a peaceful, stable home life." It also noted it had been a short period of sobriety for both K.M.E. and K.R.E.

[¶6]   The juvenile court acknowledged the burden was on K.M.E. "to show by clear and convincing evidence that the circumstances that led to the guardianship no longer exist." The court found she did not meet this burden and stated, "Considering their life long history of drug abuse and relapse, the Court finds that there is not sufficient evidence of sustained sobriety to show the causes of [J.O's] deprivation no longer exist."

II

[¶7]   On appeal, K.M.E. makes three arguments. First, she argues the termination of the guardianship of I.E. created a presumption that the issues leading to J.O.'s guardianship no longer exist. Second, K.M.E. argues the juvenile court erred when it assigned the burden of proof to terminate the guardianship. Third, she argues the three-year extension of the guardianship was unlawful because there was no determination of exceptional circumstances to continue it, and that it violated N.D.C.C. § 27-20.1-17(1) because there was no finding of good cause.

[¶8]   This Court will not set aside a juvenile court's findings of fact unless they are clearly erroneous. *Guardianship of P.T.*, 2014 ND 223, ¶ 5, 857 N.W.2d 367. A finding of fact is clearly erroneous "if there is no evidence to support it,

2

if it is clear to the reviewing court that a mistake has been made, or if the finding is induced by an erroneous view of the law." *Id.* (quoting *Akerlind v. Buck*, 2003 ND 169, ¶ 7, 671 N.W.2d 256). "On appeal, we review the files, records, and minutes or the transcript of the evidence, and we give appreciable weight to the findings of the juvenile court." *Id.* (quoting *In re B.B.*, 2010 ND 9, ¶ 5, 777 N.W.2d 350). "Further we give due regard to the juvenile court's opportunity to judge the credibility of the witnesses." *Id.* "Questions of law are fully reviewable on appeal." *Interest of N.W.*, 531 N.W.2d 303, 306 (N.D. 1995).

III

[¶9]   K.M.E. contends when the juvenile court terminated I.E.'s guardianship it created a presumption that the issues leading to J.O.'s guardianship no longer exist. "Issues are not adequately briefed when an appealing party fails to cite any supporting authority, and we will not consider them." *Frith v. N.D. Workforce Safety and Ins.*, 2014 ND 93, ¶ 25, 845 N.W.2d 892. K.M.E. cites no authority to support her argument that the termination of I.E.'s guardianship should also create a presumption that the conditions leading to J.O.'s guardianship no longer exist.

[¶10] Moreover, a presumption is "[a] legal inference or assumption that a fact exists because of the known or proven existence of some other fact or group of facts." *Presumption, Black's Law Dictionary*, 1435 (11th ed. 2019). "[A] presumption shifts the burden of proof to the party against whom it is directed." *In Interest of B.G.*, 477 N.W.2d 819, 822 (N.D. 1991). Although three other children living with K.M.E. could arguably allow the juvenile court to draw an inference that J.O.'s guardianship should be terminated, we refuse to recognize a factual presumption from one guardianship termination to another.

IV

[¶11] In her brief, K.M.E. appeared to argue the juvenile court erred when it assigned the burden of proof to show the circumstances that led to the guardianship no longer exist. However, at oral argument K.M.E. acknowledged the court correctly placed the burden of proof on her.

[¶12] Section 27-20.1-16(3)(c), N.D.C.C., allows any party to the original guardianship proceeding to petition the juvenile court for termination of the guardianship when "[t]he basis for the guardianship no longer exists." Section 27-20.1-10(3), N.D.C.C., states, "The petitioner shall present the evidence in support of any allegations of the petition not admitted." In order for the court to terminate the guardianship, the petitioner must show "by clear and convincing evidence that the circumstances that led to the guardianship no longer exist." N.D.C.C. § 27-20.1-17(1)(a). The statutes require the court to place the burden of proof by clear and convincing evidence to terminate the guardianship on the petitioner. Therefore, the court did not err when it placed the burden of proof on K.M.E.

V

[¶13] K.M.E. argues the juvenile court needed to make a finding of exceptional circumstances to extend J.O.'s guardianship. Additionally, she claims the three-year extension of the guardianship violated N.D.C.C. § 27-20.1-17(1) because there was no finding of good cause.

A

[¶14] K.M.E. cites *Worden v. Worden* arguing the juvenile court needed to find exceptional circumstances to extend the guardianship. 434 N.W.2d 341 (N.D. 1989). In *Worden*, we stated:

> When there is a custody dispute between a natural parent and a third party the test is whether or not there are exceptional circumstances which require that in the best interest of the child, the child be placed in the custody of the third party rather than with the biological parent. The court cannot award custody to a third party, rather than the natural parent, under a "best interest of the child" test unless it first determines that "exceptional circumstances" exist to trigger the best-interest analysis.

*Id.* at 342 (citations omitted). This exceptional circumstances determination is required when the guardianship is first implemented. *Id.*

4

[¶15] In this case, the juvenile court found exceptional circumstances when it implemented the guardianship in 2017. It noted K.M.E.'s "lack of stability, pending criminal charges, and inability to properly care for and nurture the minor child and to provide a stable living environment." K.M.E. cites no law that would require another determination of exceptional circumstances to continue the guardianship. As a result, the court did not err when it extended the guardianship and made no finding of exceptional circumstances.

B

[¶16] K.M.E. argues the juvenile court needed to use the words "good cause" to extend the guardianship under N.D.C.C. § 27-20.1-17(1). The statute states, "An order appointing or reappointing a guardian under this chapter is effective for up to one year unless the court, upon a finding of good cause, sets a different time frame. An order may not be effective for more than three years." N.D.C.C. § 27-20.1-17(1). Good cause is a "legally sufficient reason." *Good cause*, *Black's Law Dictionary*, 274 (11th ed. 2019).

[¶17] When the juvenile court set the hearing date, it was aware it had to make a finding of good cause to extend the guardianship. At the hearing, the court noted its concerns about K.M.E. and K.R.E. maintaining sobriety. After raising these concerns the court said, "As such, the Court will continue the guardianship for up to three years from today's date." In its written order the court stated, "The guardianship of [J.O.] shall continue with [L.O.] and [S.O.] for a period of three years from June 9, 2020." The statute does not require the court to explicitly use the phrase. Rather, it requires the court to make a finding rising to the level of good cause. Here, the court found issues with sobriety in K.M.E. and K.R.E.'s home, which is a legally sufficient reason. Therefore, the court did not err when it did not utter the phrase "good cause" to extend the guardianship.

5

# VI

[¶18] We affirm the juvenile court's order extending the guardianship of J.O.

[¶19] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte