Filed 6/18/99 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1999 ND 115

Jerome G. Hoff and 

Nicolette A. Hoff, Plaintiffs and Appellants

v.

Holly N. Berg, Defendant and Appellee

No. 980208

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Benny A. Graff, Judge.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

Opinion of the Court by Maring, Justice.

Timothy J. Wahlin (argued), of Kelsch, Kelsch, Ruff & Kranda, P.O. Box 1266, Mandan, N.D. 58554-1266, for plaintiffs and appellants.

Chad C. Nodland, P.C. (argued), P.O. Box 640, Bismarck, N.D. 58502-0640, for defendant and appellee.

Jean R. Mullen, Assistant Attorney General, Attorney General’s Office, 900 E. Boulevard Avenue, Bismarck, N.D. 58505-0041, for amicus curiae submitted on brief.

Hoff v. Berg

No. 980208

Maring, Justice.

[¶1] Jerome and Nicolette Hoff appeal a memorandum decision and an order dismissing their complaint for visitation with their grandchild.  We conclude a 1993 amendment to the grandparent visitation statute, N.D.C.C. § 14-09-05.1, is unconstitutional.  We affirm in part, reverse in part and remand for further proceedings.

[¶2] In 1992, a child was born to Holly Berg and Nathan Hoff, who were not  married.  Hoffs recognize in their brief that Nathan Hoff was adjudicated the father of the child involved in this case, but has not been formally granted visitation rights. Holly Berg married Dan Berg in 1995. Dissatisfied with the visitation Holly Berg was affording them with their grandchild, Jerome and Nicolette Hoff, the parents of Nathan Hoff, sued Holly Berg under N.D.C.C. § 14-09-05.1 for “implementation of a visitation schedule allowing the enforcement of their visitation rights.”  The trial court ruled N.D.C.C. § 14-09-05.1 is unconstitutional, and dismissed Hoffs’ complaint for grandparental visitation.  Jerome and Nicolette Hoff appealed.

[¶3] Jerome and Nicolette Hoff contend the trial court erred in ruling the grandparent visitation statute is unconstitutional.  Holly Berg contends the grandparent visitation statute unconstitutionally infringes upon the fundamental rights of parents to parent their children.  

[¶4] Ordinarily, parents with lawful custody of their minor children have the right to determine with whom their children shall associate. 
Hill v. Newman
, 509 S.E.2d 226, 230 (N.C. App. 1998).  A child’s parents generally have the right to determine if a relationship with the grandparents, or any other person, is contrary to the child’s best interests.  
Matter of Hegemann
, 526 N.W.2d 834, 835 (Wis. App. 1994).  “Under the common law, parents had the right to select the persons with whom their child would associate, so long as they properly performed their duties to the child,”  3 Sandra Morgan Little, 
Child Custody & Visitation Law and Practice
 § 16.12[2] (1999), and grandparents had no legal right to visitation with their grandchildren,  
King v. King
, 828 S.W.2d 630, 632 (Ky. 1992).  However, all fifty states have passed grandparent visitation legislation.  
Castagno v. Castagno
, 684 A.2d 1181, 1184 n.3 (Conn. 1996).  

[¶5] In 1983, the Legislature enacted a statute providing grandparents and great grandparents may be awarded visitation rights to an unmarried minor.  1983 N.D.  Sess. Laws ch. 179, § 1 (later codified as N.D.C.C. § 14-09-05.1) provided in part:

The grandparents and great grandparents of an unmarried minor may be granted reasonable visitation rights to the minor during the period of minority by the district court upon a finding that visitation would be in the best interests of the minor and would not interfere with the parent-child relationship.

Section 14-09-05.1 was amended in 1993 (1993 N.D. Sess. Laws ch. 150, §  1) to provide in part:

The grandparents of an unmarried minor must be granted reasonable visitation rights . . . to the minor . . . by the district court upon application by the grandparents . . . unless a finding is made that visitation is not in the best interests of the minor.  Visitation rights of grandparents to an unmarried minor are presumed to be in the best interests of the minor.

Our current grandparent visitation statute “broadly authorizes the courts to compel visitation with unmarried minor grandchildren for grandparents.”  
Peterson v. Peterson
, 1997 ND 14, ¶ 13, 559 N.W.2d 826.  “As a result of this 1993 amendment, a very serious question exists whether this statute exceeds the constitutionally permissible bounds of state interference in parents’ rights to raise their children.”  
Id.
 at ¶ 14.   

[¶6] “Some courts have struck down like statutes, concluding court ordered grandparent visitation impermissibly interferes with parents’ constitutional rights to rear their children.”  
Peterson
, 1997 ND 14, ¶ 15, 559 N.W.2d 826.  “Other courts, while recognizing parents’ constitutional rights to raise their children without undue state interference, have upheld grandparent visitation statutes that have restraints on the extent of interference.”  
Id.
 at ¶ 16.  “Other courts have deflected constitutional challenges to visitation statutes by narrowly construing them within permissible constitutional parameters.”  
Id.
 at ¶ 19.

[¶7] “The exercise of the power to hold Acts of a legislature invalid is one of the highest functions of the courts.”  
Montana-Dakota Utilities Co. v. Johanneson
, 153 N.W.2d 414, 420 (N.D. 1967).  The power is exercised with restraint, caution, and reluctance.  
Id.
  Under N.D. Const. art. VI, § 4, our Court “shall not declare a legislative enactment unconstitutional unless at least four of the members of the court so decide.”

In reviewing the constitutionality of a statute, we will uphold the statute “unless its challenger has demonstrated the constitutional infirmity.”  
Best Products Co., Inc. v. Spaeth
, 461 N.W.2d 91, 96 (N.D. 1990).  
State v. Ertelt
, 548 N.W.2d 775, 776 (N.D. 1996), explains: “A statute is presumptively correct and valid, enjoying a conclusive presumption of constitutionality unless clearly shown to contravene the state or federal constitution.”  

Traynor v. Leclerc
, 1997 ND 47, ¶ 8, 561 N.W.2d 644.

[¶8] The United States Supreme Court has often addressed the constitutional nature of parents’ rights in making decisions in the course of raising their children.  Natural parents have a fundamental liberty interest in the care, custody, and management of their children.  
Santosky v. Kramer
, 455 U.S. 745, 753 (1982).

The Court has frequently emphasized the importance of the family.  The rights to conceive and to raise one’s children have been deemed “essential,” Meyer v. Nebraska, 262 U.S. 390, 399, 43 S.Ct. 625, 626, 67 L.Ed. 1042 (1923), “basic civil rights of man,” Skinner v. Oklahoma, 316 U.S. 535, 541, 62 S.Ct. 1110, 1113, 86 L.Ed. 1655 (1942), and “[r]ights far more precious . . . than property rights,” May v. Anderson, 345 U.S. 528, 533, 73 S.Ct. 840, 843, 97 L.Ed. 1221 (1953).  “It is cardinal with us that the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder.”  Prince v. Massachusetts, 321 U.S. 158, 166, 64 S.Ct. 438, 442, 88 L.Ed. 645 (1944).

Stanley v. Illinois
, 405 U.S. 645, 651 (1972).  
See also
 
Washington v. Glucksberg
, 117 S.Ct. 2258, 2267 (1997) (The Due Process Clause “provides heightened protection against government interference with certain fundamental rights and liberty interests” including the right “to direct the education and upbringing of one’s children.”); 
M.L.B. v. S.L.J.
, 117 S.Ct. 555, 564 (1996) (“Choices about marriage, family life, and the upbringing of children are among associational rights . . . sheltered by the Fourteenth Amendment against the State’s unwarranted usurpation, disregard, or disrespect.”); 
Lassiter v. Department of Social Services
, 452 U.S. 18, 27 (1981) (Absent a powerful countervailing interest, a parent’s desire for and right to the companionship, care, custody and management of his or her children is an important interest that warrants deference and protection); 
Wisconsin v. Yoder
, 406 U.S. 205, 232-3 (1972) (“The history and culture of Western civilization reflect a strong tradition of parental concern for the nature and upbringing of their children.  This primary role of the parents in the upbringing of their children is now established beyond debate as an enduring American tradition.”); 
Meyer v. Nebraska
, 262 U.S. 390, 399 (1923) (The liberty guaranteed by the Fourteenth Amendment to the United States Constitution includes “the right of the individual to . . . marry, establish a home and bring up children, . . . and generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free men.”).

[¶9] As the Minnesota Court of Appeals recently noted, “The United States Supreme Court has repeatedly recognized a general right to freedom from governmental interference in childrearing decisions.”  
Petition of Santoro
, 578 N.W.2d 369, 374 (Minn. App. 1998).  Fundamental rights in the companionship, care, custody, and control of children “are considered implicit in the Due Process Clause of the Fourteenth Amendment as a form of ‘liberty’ that may not be infringed on without due process of law.”  
Id.
  “In general, deprivations of these fundamental rights are subject to strict judicial scrutiny, meaning that the state bears the burden of proving that such deprivation is narrowly tailored to a compelling state interest.”  
Id.

[¶10] The pursuit of happiness guaranteed by N.D. Const. art. I, § 1, includes “the right to enjoy the domestic relations and the privileges of the family and the home . . . without restriction or obstruction . . . except in so far as may be necessary to secure the equal rights of others,” which is protected and insured by the due process clause of N.D. Const. art. I, § 12.  
State v. Cromwell
, 9 N.W.2d 914, 919 (N.D. 1943).  This Court has often addressed the constitutional nature of parents’ rights in making decisions in the course of raising their children.  Parents have a fundamental, natural right to their children which is of constitutional dimension.  
In re L.F.
, 1998 N.D. 129, ¶ 9, 580 N.W.2d 573; 
Kleingartner v. D.P.A.B.
, 310 N.W.2d 575, 578 (N.D. 1981).  The right is paramount.  
In re R.D.S.
, 259 N.W.2d 636, 638 (N.D. 1977).  A parent’s paramount and constitutional right to the custody and companionship of their children is superior to that of any other person.  
Patzer v. Glaser
, 396 N.W.2d 740, 743 (N.D. 1986); 
Hust v. Hust
, 295 N.W.2d 316, 318 (N.D. 1980); 
Boeddeker v. Reel
, 517 N.W.2d 407, 409 (N.D. 1994).  “Keeping State intervention in the matter of child rearing to a minimum, consistent with necessity, is essential to the American ideal.”  
In re R.D.S.
, 259 N.W.2d at 639.  

It is beyond question in this jurisdiction that parents have a fundamental constitutional right to parent their children which is of the highest order. . . .  Only a compelling state interest justifies burdening the parent’s fundamental right to enjoy a relationship with his or her child, and the state must bear the burden of demonstrating the necessity for doing so in this instance.

In re Adoption of K.A.S.
, 499 N.W.2d 558, 564-65 (N.D. 1993).

[¶11] Other courts have also addressed parents’ rights to control their children’s associations.  “[P]arents have a fundamental right to autonomy in child rearing decisions.”  
In re Smith
, 969 P.2d 21, 27 (Wash. 1998).  “The law’s concept of the family rests ‘on a presumption that parents possess what a child lacks in maturity, experience, and capacity for judgment.’”  
Id.
 at 31, quoting 
Brooks v. Parkerson
, 454 S.E.2d 769, 772 (Ga. 1995).  Ordinarily, “parents should be the ones to choose whether to expose their children to certain people or ideas.”  
In re Smith
, 969 P.2d at 31.

[¶12] To decide the constitutionality of our grandparent visitation statute, we must decide the appropriate level of scrutiny.  While recognizing that N.D.C.C. § 14-09-

05.1 “does impact upon a fundamental right,” Jerome and Nicolette Hoff contend the statute does not infringe, deprive, or substantially interfere with a fundamental right and “must be tested under a rational relationship standard.”  Alternatively, Hoffs argue that, “if it is determined that NDCC § 14-09-05.1 does substantially infringe upon parental rights, the State has shown a compelling interest” in promoting the best interests of children, “and the legislation is narrowly tailored to meet those ends.”  The Attorney General contends “allowing a grandparent reasonable visitation with a child is a minimal intrusion,” which “does not rise to the level appropriate for strict scrutiny,” and argues our inquiry should be limited to determining if the grandparent visitation law bears a rational relationship to legitimate state purposes.  Berg argues court-imposed grandparental visitation substantially affects a parent’s fundamental rights and a strict scrutiny standard must be applied.  

[¶13] Varying levels of scrutiny are applied in analyzing due process claims. “[T]he Fourteenth Amendment ‘forbids the government to infringe . . . “fundamental” liberty interests . . . unless the infringement is narrowly tailored to serve a compelling state interest.’”  
Washington v. Glucksberg
, 117 S.Ct. 2258, 2268 (1997) (Citation omitted.).  If a fundamental liberty interest is not involved, a statute need only “be rationally related to legitimate government interests.”  
Id.
, 117 S.Ct. at 2271.  “[N]arrow tailoring is required only when fundamental rights are involved.  The impairment of a lesser interest . . . demands no more than a ‘reasonable fit’ between governmental purpose . . . and the means chosen to advance that purpose.”  
Reno v. Flores
, 507 U.S. 292, 305 (1993).  The level of scrutiny employed in analyzing due process claims has been recently summarized:

Where fundamental rights or interests are involved, a state regulation limiting these fundamental rights can be justified only by a compelling state interest and legislative enactments must be narrowly drawn to express only the legitimate state interests at stake. Therefore, state limitations on a fundamental right such as the right of privacy are permissible only if they survive strict constitutional scrutiny.  However, where fundamental rights or interests are not implicated or infringed, state statutes are reviewed under the rational basis test . . . .  Under rational basis review, “a statute withstands a substantive due process challenge if the state identifies a legitimate state interest that the legislature could rationally conclude was served by the statute.”

(Citations omitted.)  
Alexander v. Whitman
, 114 F.3d 1392, 1403 (3d Cir. 1997).  

[¶14] Substantive due process analysis requires a close correspondence between legislation and the goals it advances.  
See
 
Law v. Maercklein
, 292 N.W.2d 86, 91 (N.D. 1980).  This Court may declare a statute unconstitutional on substantive due process grounds if “‘the Legislature had no power to act in the particular matter or, having power to act, [] such power was exercised in an arbitrary, unreasonable, or discriminatory manner and [] the method adopted has no reasonable relation to attaining the desired result.’” 
Fargo v. Stensland
, 492 N.W.2d 591, 594 (N.D. 1992) quoting 
Menz v. Coyle
, 117 N.W.2d 290, 299 (N.D. 1962).  We have also, more familiarly, employed varying levels of scrutiny in analyzing equal protection claims: (1) strict scrutiny if a statute involves an inherently suspect classification or infringes upon a fundamental right, requiring that distinctions be necessary to promote a compelling state interest; (2) an intermediate standard of review, requiring a close correspondence between statutory classifications and goals, if an important substantive right is involved; and (3) a rational basis standard, under which a statutory classification will be sustained unless it is patently arbitrary and bears no rational relationship to a legitimate governmental purpose, if no suspect class, fundamental right, or important substantive right is involved.  
Eagle v. Workers Compensation Bureau
, 1998 ND 154, ¶ 9, 583 N.W.2d 97.

[¶15] The pursuit of happiness guaranteed by N.D. Const. art. I, § 1, includes “the right to enjoy the domestic relations and the privileges of the family . . . without restriction or obstruction . . . except in so far as may be necessary to secure the equal rights of others,” which is protected by the due process clause of N.D. Const. art. I, 

§ 12.  
State v. Cromwell
, 9 N.W.2d 914, 919 (N.D. 1943).  “[P]arents have a fundamental constitutional right to parent their children which is of the highest order,” and “[o]nly a compelling state interest justifies burdening the parent’s fundamental right.”  
In re K.A.S.
, 499 N.W.2d 558, 565 (N.D. 1993).  
See also
 
Brooks v. Parkerson
, 454 S.E.2d 769, 772 (Ga. 1995) (A parent’s right to the custody and control of his or her child should be infringed upon only under the most compelling circumstance,  and “state interference with a parent’s right to raise children is justifiable only where the state acts in its police power to protect the child’s health or welfare, and where parental decisions in the area would result in harm to the child.”); 
Ronald F.F. v. Cindy G.G.
, 511 N.E.2d 75, 77 (N.Y. 1987) (The State may not interfere with a parent’s fundamental right to choose with whom his or her child associates unless it shows some compelling state purpose which furthers the child’s best interests.). 

[¶16] With regard to parental control of a child’s associations, we have already held “[o]nly compelling circumstances should justify governmental intervention to override parental choices for their children’s associations beyond the immediate household.”  
Peterson v. Peterson
, 1997 ND 14, ¶ 19, 559 N.W.2d 826.  Thus, we employ strict scrutiny when analyzing statutory intrusions on parents’ fundamental right to control their children’s associations.  “[T]he idea of strict scrutiny acknowledges that [] political choices . . . burdening fundamental rights . . . must be subjected to close analysis in order to preserve substantive values of equality and liberty.”  Laurence H. Tribe, 
American Constitutional Law
, § 16-6, p. 1451 (2d ed. 1988).

[¶17] As amended in 1993, N.D.C.C. § 14-09-05.1 provides grandparents of an unmarried minor must be given visitation rights to the minor child unless the district court finds visitation is not in the best interests of the minor, and visitation rights of grandparents are presumed to be in the best interests of the minor child.  “The establishment of prompt efficacious procedures to achieve legitimate state ends is a proper state interest worthy of cognizance in constitutional adjudication.”  
Stanley v. Illinois
, 405 U.S. 645, 656 (1972).  “Procedure by presumption is always cheaper and easier than individualized determination.”  
Id.
, 405 U.S. at 656-57.  Under N.D.R.Ev. 301, “a presumption imposes upon the party against whom it is directed the burden of proving its nonexistence.”  Explanatory Note, N.D.R.Ev. 301.  Application of the statutory presumption may well “undermine the long-standing deference given to parents in controlling their children’s associations, weaken the vital parental authority in the family structure, and require parents to incur the costs of litigation to defend, even against their own parents, their parental decisions regarding the best interests of their children.”  
B.R.O. v. G.C.O.
, 646 So.2d 126, 131 (Ala. Ct. Civ. App. 1994).

[¶18] Deciding when, under what conditions, and with whom their children may associate is among the most important rights and responsibilities of parents.  Promoting grandparental visitation with grandchildren is a legitimate public purpose, and we are not insensitive to the plight of grandparents who are not allowed the visitation they desire with their grandchildren.  However, we conclude neither the Hoffs nor the Attorney General have demonstrated the State has a compelling interest in presuming visitation rights of grandparents to an unmarried minor are in the child’s best interests and forcing parents to accede to court-ordered grandparental visitation unless the parents are first able to prove such visitation is not in the best interests of their minor child.  Methods to promote grandparental visitation can be more narrowly tailored and still reasonably accomplish the legislative purpose behind N.D.C.C. § 14-

09-05.1.  We conclude N.D.C.C. § 14-09-05.1, as amended in 1993, is unconstitutional to the extent it requires courts to grant grandparents visitation rights with an unmarried minor unless visitation is found not to be in the child’s best interests, and presumes visitation rights of grandparents are in a child’s best interests, because it violates parents’ fundamental liberty interest in controlling the persons with whom their children may associate, which is protected by the due process clause of our state and federal constitutions.
(footnote: 1)
[¶19] “[U]nconstitutional legislation is void and is to be treated as if it never were enacted.”  
State v. Clark
, 367 N.W.2d 168, 169 (N.D. 1985).  When legislation “modify[ing] an existing statute [] is declared unconstitutional, it is a nullity and cannot affect the existing statute in any manner.  Rather, the extant statute remains operative without regard to the unsuccessful and invalid legislation.”  
Id.
  Thus, we conclude the part of the 1993 amendment of N.D.C.C. § 14-09-05.1 we have declared unconstitutional is a nullity, leaving the 1983 statute intact until its valid repeal or amendment.

[¶20] The trial court’s order is affirmed to the extent it ruled unconstitutional the 1993 statutory amendment creating a presumption and requiring grandparental visitation unless such visitation is not in the best interest of the child.  The order dismissing the Hoffs’ complaint is reversed, and the matter is remanded for 

consideration in accordance with the provisions of N.D.C.C. § 14-09-05.1 before the 1993 amendment.

[¶21] Mary Muehlen Maring

William A. Neumann

Dale V. Sandstrom

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

FOOTNOTES
1:    
Other changes made by the 1993 legislation, such as jurisdiction, mediation, arbitration, and joinder, are not at issue in this appeal and are not affected by our decision in this case.  The provisions we have held unconstitutional are severable from the other amendatory provisions enacted in 1993, and “the failure of the invalid portions would not necessarily render the entire statute invalid.”  
Montana-Dakota Utils. Co. v. Johanneson
, 153 N.W.2d 414, 424 (N.D. 1967).