Weaver, J.
(concurring in the result). I concur in the result only of the majority opinion that Michigan’s grandparent visitation statute, MCL 722.27b, is unconstitutional on its face.
I write separately because I recognize the importance of the grandparent visitation statute and wish to emphasize that grandparent visitation statutes per se are not unconstitutional. The statutes may be written in such a way that they comply with constitutional requirements. See Troxel v Granville, 530 US 57, 73; 120 S Ct 2054; 147 L Ed 2d 49 (2000). Therefore, I urge the Legislature to amend Michigan’s statute to alleviate the constitutional flaws in the statute.
While Michigan’s statute is narrower than the statute at issue in Troxel,[1] the statute is, nonetheless, *336 flawed for the following reasons: (1) the statute does not provide a presumption that fit parents act in the best interests of their children, (2) the statute fails to accord the fit parent’s decision concerning visitation any “special weight,” and (3) the statute fails to clearly place the burden in the proceedings on the petitioners, rather than the parents. See Troxel, supra at 67-71 (O’Connor, J., plurality opinion). However, as addressed below, each of these constitutional problems can be cured with revisions to the statute and, in fact, many other state statutes include provisions that may alleviate some or all these concerns.
These concerns have been addressed by states such as Utah, where the visitation statute provides, “[t]here is a rebuttable presumption that a parent’s decision with regard to grandparent visitation is in the grandchild’s best interests. ...” Utah Code Ann 30-5-2(2). In Nevada, the visitation statute addresses these requirements by providing in pertinent part:
*337 If a parent of the child has denied or unreasonably restricted visits with the child, there is a rebuttable presumption that the granting of a right to visitation to a party seeking visitation is not in the best interests of the child. To rebut this presumption, the party seeking visitation must prove by clear and convincing evidence that it is in the best interests of the child to grant visitation. [Nev Rev Stat 1250.050(4).]
The Nevada statute explicitly requires the party seeking visitation to rebut the presumption that visitation is not in the child’s best interests and to prove that it is in the best interests of the child to grant visitation. In Georgia, “there shall be no presumption in favor of visitation by any grandparent.” Ga Code Ann 19-7-3(c). Thus, the burden is on the grandparent seeking visitation to prove an entitlement to visitation under the standards articulated in the Georgia statute. In New Jersey, the burden in the proceedings is explicitly placed on the petitioner. New Jersey’s statute states, “It shall be the burden of the applicant to prove by a preponderance of the evidence that the granting of visitation is in the best interests of the child.” NJ Stat Ann 9:2-7.1(a).[2] Some states also require the grandparent to demonstrate some sort of preexisting relationship between the grandparent and the child or an effort to establish one as a requisite *338 for seeking visitation. Me Rev Stat Ann tit 19-A, 1803(1); Miss Code Ann 93-16-3(2)(a); Neb Rev Stat 43-1802(2); NC Gen Stat 50-13.2A; Tenn Code Ann 36-6-306(b)(l).[3]
Also, several states address the concerns of Troxel by requiring consideration of the effect of a visitation order on the child-parent relationship.[4] See Troxel, supra at 70. Several states specifically require the trial court to determine that visitation will not adversely affect, interfere with, or substantially interfere with the parent-child relationship. Neb Rev Stat 43-1802(2); NH Rev Stat Ann 458:17-d(II)(b); NJ Stat Ann 9:2-7.1(b)(4); ND Cent Code 14-09-05.1; W Va Code 48-10-501, 48-10-502(5).[5]
*339 Additionally, some state grandparent visitation statutes contain a separate list of best-interest factors to consider when deciding whether to award grandparent visitation. See Nev Rev Stat Ann 125C.050; Term Code Ann 36-6-307.1 do not gather from Troxel that a separate list is required; however, it may be something the Legislature would wish to consider.[6]
*340 The various state provisions cited suggest that it is possible to draft a statute that would address the constitutional concerns expressed in Troxel.[7] I urge the Legislature to revise Michigan’s grandparent visitation *341 statute to alleviate the constitutional flaws in the statute.[8]

 Michigan’s statute is narrower because it only allows grandparents to petition for visitation, rather than any party. Moreover, the statute, MCL 722.27b, limits when a grandparent may petition for visitation, providing in part:
(1) Except as provided in this subsection, a grandparent of the child may seek an order for grandparenting time in the manner set forth in this section only if a child custody dispute with respect to that child is pending before the court. If a natural parent of an unmarried child is deceased, a parent of the deceased person may *336 commence an action for grandparenting time. Adoption of the child by a stepparent under [MCL 710.21 to 710.70] does not terminate the right of a parent of the deceased person to commence an action for grandparenting time.
(2) As used in this section, “child custody dispute” includes a proceeding in which any of the following occurs:
(a) The marriage of the child’s parents is declared invalid or is dissolved by the court, or a court enters a degree of legal separation with regard to the marriage.
(b) Legal custody of the child is given to a party other than the child’s parent, or the child is placed outside of and does not reside in the home of a parent, excluding any child who has been placed for adoption with other than a stepparent, or whose adoption by other than a stepparent has been legally finalized.
Under the statute, a grandparent may not file more than once every two years, absent a showing of good cause. MCL 722.27b(4).

 The New Jersey Superior Court, Appellate Division, rejected a party’s constitutional challenge, although there was substance in support of the complaint that this statute was facially unconstitutional, but it did conclude that the statute was unconstitutional as applied in the case before it. Wilde v Wilde, 341 NJ Super 381, 386; 775 A2d 535 (2001). Recently, the New Jersey Supreme Court concluded that “grandparents seeking visitation under the statute must prove by a preponderance of the evidence that denial of the visitation they seek would result in harm to the child. That burden is constitutionally required to safeguard the due process rights of fit parents.” Moriarty v Bradt, 177 NJ 84, 88; 827 A2d 203 (2003).

 In Rideout v Riendeau, 761 A2d 291, 294 (2000), the Supreme Judicial Court of Maine concluded that Maine’s Grandparents Visitation Act, Me Rev Stat Ann tit 19-A, 1801-1805, “as applied to the facts presented to us, is narrowly tailored to serve a compelling state interest, and thus does not violate the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.”
The Mississippi Supreme Court rejected challenges to the constitutionality of Miss Code Ann 93-16-3(1) and 93-16-3(2), respectively, in Zeman v Stanford, 789 So 2d 798, 803 (2001), and Stacy v Ross, 798 So 2d 1275, 1279 (2001).

 MCL 722.23Q) does require the court to consider “[t]he willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents.” However, this language does not explicitly require the trial court to assess the effect of visitation on the parent-child relationship.

 In 1993, the North Dakota Supreme Court declared the 1993 amendment of ND Cent Code 14-09-05.1 unconstitutional “to the extent that it require[d] courts to grant grandparents visitation rights with an unmarried minor unless visitation is found not to be in the child’s best interests, and presume[d] visitation rights of grandparents [were] in a child’s best interests .. . .” Hoff v Berg, 595 NW2d 285, 291 (1999). The Court further declared that the 1983 version of the statute was left intact until its valid repeal or amendment. Id. at 292. The current version of North Dakota’s statute, which does not include a presumption in favor of grandparent visitation, took effect on August 1, 2001.
*339 The Supreme Court of Appeals of West Virginia held that its grandparent act was constitutional in State ex rel Brandon L v Moats, 209 W Va 752, 754, 762-764; 551 SE 2d 674 (2001). The Court noted that the Legislature recodified the grandparent visitation act but that it did not alter the language of the statutory provisions it was addressing. Id. at 754 n 2. The citations in this opinion are to the recodified act.

 Michigan’s best-interest statute, MCL 722.23, lists the following factors to consider:
(a) The love, affection, and other emotional ties existing between the parties involved and the child.
(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.
(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.
(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.
(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(f) The moral fitness of the parties involved.
(g) The mental and physical health of the parties involved.
(h) The home, school, and community record of the child.
(i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.
(j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents.
(k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.
(l) Any other factor considered by the court to be relevant to a particular child custody dispute.
*340 These factors are applicable in the grandparent visitation context. MCL 722.23 states, “As used in this act, “best interests of the child” means the sum total of the following factors . . . .” (Emphasis added.) “This act” refers to the Michigan Child Custody Act of 1970. The grandparent visitation statute, MCL 722.27b, is part of “this act.”

 The Troxel Court declined to address “whether the Due Process Clause requires all nonparental visitation statutes to include a showing of harm or potential harm to the child as a condition precedent to granting visitation.” Troxel, supra at 73. Because the Troxel Court did not indicate whether it was necessary to demonstrate that the child would be harmed if grandparent visitation were not granted, I express no opinion regarding whether a statute must require such a showing before it can be found constitutional. I do note that some states have built such a requirement into their statutes. In Tennessee, for example, the statute states:
In considering a petition for grandparent visitation, the court shall first determine the presence of a danger of substantial harm to the child. Such a finding of substantial harm may be based upon cessation of the relationship between an unmarried minor child and the child’s grandparent if the court determines, upon proper proof, that:
(A) The child had such a significant existing relationship with the grandparent that loss of the relationship is likely to occasion severe emotional harm to the child;
(B) The grandparent functioned as a primary caregiver such that cessation of the relationship could interrupt provision of the daily needs of the child and thus occasion physical or emotional harm; or
(C) The child had a significant existing relationship with the grandparent and loss of the relationship presents the danger of other direct and substantial harm to the child. [Term Code Ann 36-6-306(b)(l).]
See also Ga Code Ann 19-7-3(c). As stated in n 2, the New Jersey Supreme Court read this requirement into its statute.
Again, I note that Troxel declined to state that such a showing of harm to the child was required per se to alleviate concerns of substantive due process. I cite these statutes requiring a finding of harm for informational purposes only.

 I note that two House bills were introduced on January 29, 2003, to amend provisions relating to grandparent visitation: House Bill 4104 and House Bill 4105. See “Michigan Legislature,” www.michigan legislature.org., July 22, 2003. However, these amendments do not address the constitutional concerns discussed in this opinion.