BOLIN, Justice
(concurring in the result).
I reluctantly concur in the result reached by the main opinion. Although the opinion states that “[t]he constitutional issue presented in this case is not about the holding of Troxel [v. Granville, 530 U.S. 57 (2000),]” 73 So.3d at 648, the decision here really does come down, as argued by the grandparents, through precedent regarding the recognition of the fundamental right of fit parents to make decisions concerning their children, to the uncertain legacy of the plurality opinion in Troxel.
The Alabama Legislature has shown that this State’s policy is that grandparent visitation, under the proper circumstances, *673 is favored in this State, as evidenced by the legislature’s multiple attempts to create a statute to so provide. Unfortunately, the legislature’s most recent 2003 amendment to § 30-3-4.1, Ala.Code 1975, the Alabama Grandparent Visitation Act, failed to accommodate Troxel, which states:
“The problem here is not that the Washington Superior Court intervened, but that when it did so, it gave no special weight at all to Granville’s determination of her daughters’ best interests. More importantly, it appears that the Superior Court applied exactly the opposite presumption. In reciting its oral ruling after the conclusion of closing arguments, the Superior Court judge explained:
“ ‘The burden is to show that it is in the best interest of the children to have some visitation and some quality time with their grandparents. I think in most situations a commonsensical approach [is that] it is normally in the best interest of the children to spend quality time with the grandparent, unless the grandparent, [sic] there are some issues or problems involved wherein the grandparents, their lifestyles are going to impact adversely upon the children. That certainly isn’t the case here from what I can tell.’
“Verbatim Report of Proceedings in In re Troxel, No. 93-3-00650-7 (Wash.Super.Ct., Dec. 14, 19, 1994), p. 213 (hereinafter Verbatim Report).
“The judge’s comments suggest that he presumed the grandparents’ request should be granted unless the children would be ‘impacted] adversely.’ In effect, the judge placed on Granville, the fit custodial parent, the burden of disproving that visitation would be in the best interest of her daughters. The judge reiterated moments later: T think [visitation with the Troxels] would be in the best interest of the children and I haven’t been shown it is not in [the] best interest of the children.’ Id., at 214.
“The decisional framework employed by the Superior Court directly contravened the traditional presumption that a fit parent will act in the best interest of his or her child. See Parham [v. J.R.], [442 U.S. 584] at 602 [ (1979) ]. In that respect, the court’s presumption failed to provide any protection for Granville’s fundamental constitutional right to make decisions concerning the rearing of her own daughters. Cf., e.g., Cal. Fam.Code Ann. § 3104(e) (West 1994) (rebuttable presumption that grandparent visitation is not in child’s best'interest if parents agree that visitation rights should not be granted); Me. Rev.Stat. Ann., Tit. 19A, § 1803(3) (1998) (court may award grandparent visitation if in best interest of child and ‘would not significantly interfere with any parent-child relationship or with the parent’s rightful authority over the child’); Minn.Stat. § 257.022(2)(a)(2) (1998) (court may award grandparent visitation if in best interest of child and ‘such visitation would not interfere with the parent-child relationship’); Neb.Rev. Stat. § 43-1802(2) (1998) (court must find ‘by clear and convincing evidence’ that grandparent visitation ‘will not adversely interfere with the parent-child relationship’); R.I. Gen. Laws § 15-5-24.3(a)(2)(v) (Supp.1999) (grandparent must rebut, by clear and convincing evidence, presumption that parent’s decision to refuse grandparent visitation was reasonable); Utah Code Ann. § 30-5-2(2)(e) (1998) (same); Hoff v. Berg, 595 N.W.2d 285, 291-292 (N.D.1999) (holding North Dakota grandparent visitation statute unconstitutional because State has no ‘compelling interest in presuming *674 visitation rights of grandparents to an unmarried minor are in the child’s best interests and forcing parents to accede to court-ordered grandparental visitation unless the parents are first able to prove such visitation is not in the best interests of their minor child’). In an ideal world, parents might always seek to cultivate the bonds between grandparents and their grandchildren. Needless to say, however, our world is far from perfect, and in it the decision whether such an intergenerational relationship would be beneficial in any specific case is for the parent to make in the first instance. And, if a fit parent’s decision of the kind at issue here becomes subject to judicial review, the court must accord at least some special weight to the parent’s own determination.
[[Image here]]
“Considered together with the Superi- or Court’s reasons for awarding visitation to the Troxels, the combination of these factors demonstrates that the visitation order in this case was an unconstitutional infringement on Granville’s fundamental right to make decisions concerning the care, custody, and control of her two daughters. The Washington Superior Court failed to accord the determination of Granville, a fit custodial parent, any material weight. In fact, the Superior Court made only two formal findings in support of its visitation order. First, the Troxels ‘are part of a large, central, loving family, all located in this area, and the [Troxels] can provide opportunities for the children in the areas of cousins and music.’ App. 70a. Second, ‘[t]he children would be benefitted from spending quality time with the [Troxels], provided that that time is balanced with time with the chil-drens’ [sic] nuclear family.’ Ibid. These slender findings, in combination with the court’s announced presumption in favor of grandparent visitation and its failure to accord significant weight to Granville’s already having offered meaningful visitation to the Troxels, show that this case involves nothing more than a simple disagreement between the Washington Superior Court and Granville concerning her children’s best interests. The Superior Court’s announced reason for ordering one week of visitation in the summer demonstrates our conclusion well: T look back on some personal experiences.... We always spen[t] as kids a week with one set of grandparents and another set of grandparents, [and] it happened to work out in our family that [it] turned out to be an enjoyable experience. Maybe that can, in this family, if that is how it works out.’ Verbatim Report 220-221. As we have explained, the Due Process Clause does not permit a State to infringe on the fundamental right of parents to make child rearing decisions simply because a state judge believes a ‘better’ decision could be made. Neither the Washington nonparental visitation statute generally — which places no limits on either the persons who may petition for visitation or the circumstances in which such a petition may be granted — nor the Superior Court in this specific case required anything more. Accordingly, we hold that § 26.10.160(3), as applied in this case, is unconstitutional.
“Because we rest our decision on the sweeping breadth of § 26.10.160(3) and the application of that broad, unlimited power in this case, we do not consider the primary constitutional question passed on by the Washington Supreme Court — whether the Due Process Clause requires all nonparental visitation statutes to include a showing of harm or potential harm to the child as a condi *675 tion precedent to granting visitation. We do not, and need not, define today the precise scope of the parental due process right in the visitation context. In this respect, we agree with Justice KENNEDY that the constitution,ality of any standard for awarding visitation turns on the specific manner in which that standard is applied and that the constitutional protections in this area are best ‘elaborated with care. ’ Post, at 2079 (dissenting opinion). Because much state-court adjudication in this context occurs on a case-by-case basis, we would be hesitant to hold that specific nonparental visitation statutes violate the Due Process Clause as a per se matter. See, e.g., Fairbanks v. McCarter, 330 Md. 39, 49-50, 622 A.2d 121, 126-127 (1993) (interpreting best-interest standard in grandparent visitation statute normally to require court’s consideration of certain factors); Williams v. Williams, 256 Va. 19, 501 S.E.2d 417, 418 (1998) (interpreting Virginia nonpa-rental visitation statute to require finding of harm as condition precedent to awarding visitation).”
530 U.S. at 69-74 (emphasis added; footnote omitted). The above-emphasized portions from Troxel provide what I contend is the requisite missing link from the grandparent-visitation statute in question — that the wishes of fit parent(s) concerning such requests must be given “material” and “substantial” weight.
It is due only to the statutory omission of language requiring that “special weight” be given to a fit parent’s decision regarding grandparent visitation that I concur in the result herein that the Alabama Grandparent Visitation Act as written is unconstitutional. Section 30 — 3—4.1(d)(6) requires that the trial court “shall determine if visitation by the grandparent is in the best interests of the child,” yet it includes as a factor to consider “the wishes of any parent who is living” only at the end of a list of factors the trial court shall consider in determining the best interests of the child, without statutorily mandating that the trial court give any Troxel “special weight” to the fit parents’ wishes.
The facts recited in the main opinion, as found by the trial court, are, to say the least, regrettable. The “fit parents” in this case created, nurtured, cultivated, and encouraged the special relationship between the children and the children’s paternal grandparents. To say that these parents established a close and loving relationship between their children and the grandparents is the proverbial classic understatement. Then, in apparent retaliation for the grandparents’ inability to continue to provide financial support and resources to the “fit parents,” the parents callously pulled the carpet of grandparen-tal love out from under the feet of their own children.
I exhort the Alabama Legislature to again show that the subject of grandparent visitation, in an appropriate constitutional setting, is the favored policy of this State by providing legislation that takes into account the “special-weight” direction regarding the wishes of a fit parent that we have received from Troxel, albeit a plurality decision.