Crothers, Justice.
 

 [¶ 1] D.L., mother of G.L., appeals from the juvenile court's order and judgment to continue guardianship of G.L. The mother argues the juvenile court erred in its determination of exceptional circumstances for continuing the guardianship. We reverse the order and judgment and remand.
 

 I
 

 [¶ 2] On July 27, 2015 the State filed a petition alleging G.L. (born in 2009) and her sister E.L. (born in 2001) were deprived. The parents, D.L. and T.S. (father), stipulated to a guardianship, placing both girls in the care of the eldest daughter, B.Y. The juvenile court entered an order appointing the eldest daughter as guardian on October 8, 2015, and found both children deprived under N.D.C.C. § 27-20-02(8)(a). The guardianship was to remain in place until the children turned eighteen.
 

 [¶ 3] On December 7, 2016 the mother wrote a letter to the juvenile court asking for a review of the guardianship. Two weeks later the mother wrote another letter stating the guardianship continued to be in G.L.'s best interests. Shortly after, the mother again changed her mind and asked for a review hearing. The juvenile court treated the communications as a motion to terminate the guardianship and on July 26-27 and August 24, 2017 held a hearing. At the start of the hearing the mother abandoned her request to review her middle daughter's guardianship.
 

 [¶ 4] The juvenile court found the mother demonstrated a change in circumstances by stabilizing her living situation, obtaining full-time employment, effectively dealing with addiction, and improving her mental and emotional health. The juvenile court found the impediments creating the deprivation had been removed. The juvenile court then shifted the burden of proof to the guardian to establish by preponderance of the evidence that continuation of the guardianship remains in the best interest of the child.
 

 [¶ 5] The juvenile court made findings on the best interest factors in N.D.C.C. § 14-09-06.2(1). The juvenile court continued the guardianship, ordered the guardian's husband
 
 *688
 
 added as co-guardian, and gave the guardian authority to establish a visitation schedule with input from G.L.'s therapist and guardian ad litem. The mother appeals the order and judgment.
 

 II
 

 [¶ 6] The mother argues the juvenile court failed to find exceptional circumstances and erred in analyzing whether continuing the guardianship was in the best interests of the child. We agree.
 

 [¶ 7] "Parents have a fundamental, natural right to their children which is of constitutional dimension. The right is paramount. A parent's paramount and constitutional right to the custody and companionship of their children is superior to that of any other person."
 
 Hoff v. Berg
 
 ,
 
 1999 ND 115
 
 , ¶ 10,
 
 595 N.W.2d 285
 
 (citations omitted). Because of these parental rights, guardianship termination cases require the following:
 

 "When there is a custody dispute between a natural parent and a third party the test is whether or not there are exceptional circumstances which require that in the best interest of the child, the child be placed in the custody of the third party rather than with the biological parent. The court cannot award custody to a third party, rather than the natural parent, under a 'best interest of the child' test unless it first determines that 'exceptional circumstances' exist to trigger the best-interest analysis. Absent exceptional circumstances the natural parent is entitled to custody of the child even though the third party may be able to offer more amenities."
 

 Worden v. Worden
 
 ,
 
 434 N.W.2d 341
 
 , 342 (N.D. 1989) (citations omitted).
 

 [¶ 8] In a voluntary guardianship case this Court explained the burdens of proof and extended the "exceptional circumstances" jurisprudence by stating:
 

 "[T]he natural parent must initially prove, by a preponderance of the evidence, that the impediments leading to the creation of the guardianship have been removed. A nonparent seeking custody then has the burden of rebutting the presumption that it is in the best interests of the child to be in the custody of the parent. The presumption can be overcome when there exist 'exceptional circumstances.' We recognize today as a matter of law that a voluntarily established guardianship constitutes 'exceptional circumstances.' This conclusion triggers a best interest of the child analysis as required by our guardianship of minors' law.... We conclude the evidentiary burden placed on the nonparent, is a preponderance of the evidence...."
 

 Interest of Barros
 
 ,
 
 2005 ND 122
 
 , ¶ 19,
 
 701 N.W.2d 402
 
 ;
 
 see also
 

 Hartleib v. Simes
 
 ,
 
 2009 ND 205
 
 , ¶ 21,
 
 776 N.W.2d 217
 
 (holding presumption that parental custody is in the child's best interest is rebutted where a guardianship was voluntarily established by the parents).
 

 [¶ 9] Here, the juvenile court found the mother removed the impediments causing G.L.'s initial deprivation leading to the guardianship. Neither party contests this finding. "The court cannot award custody to a third party, rather than the natural parent, under a 'best interest of the child' test unless it first determines that 'exceptional circumstances' exist to trigger the best-interest analysis."
 
 Worden
 
 ,
 
 434 N.W.2d 341
 
 , 342. The juvenile court's order does not expressly consider or mention exceptional circumstances. Its legal analysis omits the necessary step of finding exceptional circumstances before beginning a best interest analysis. The guardian argues the juvenile court did not err by failing to find exceptional circumstances
 
 *689
 
 because "as a matter of law [ ] a voluntarily established guardianship constitutes 'exceptional circumstances.' "
 
 Barros
 
 ,
 
 2005 ND 122
 
 , ¶ 19,
 
 701 N.W.2d 402
 
 . The mother argues the contrary, claiming the juvenile court erred in failing to make a finding of exceptional circumstances before considering the best interest factors. The mother does not expressly ask us to overrule that part of
 
 Barros
 
 concluding a voluntary guardianship constitutes exceptional circumstances as a matter of law; however we cannot both agree with her position and follow the holding in
 
 Barros
 
 .
 

 [¶ 10] A parent's right to their child is fundamental.
 
 Hoff
 
 ,
 
 1999 ND 115
 
 , ¶ 10,
 
 595 N.W.2d 285
 
 . "A parent's paramount and constitutional right to the custody and companionship of their children is superior to that of any other person."
 

 Id.
 

 "Absent exceptional circumstances the natural parent is entitled to custody of the child even though the third party may be able to offer more amenities."
 
 Worden
 
 ,
 
 434 N.W.2d at 342
 
 . When a parent voluntarily creates or agrees to a child's guardianship, that parent can request removal of the guardianship and removal of the guardian.
 
 Barros
 
 ,
 
 2005 ND 122
 
 , ¶ 4,
 
 701 N.W.2d 402
 
 . In such a proceeding, once the court determines the original impediments have been removed, a rebuttable presumption arises, based on the parents' fundamental constitutional right to custody of their child, that parental custody is in the best interest of the child.
 
 Hartleib
 
 ,
 
 2009 ND 205
 
 , ¶ 20,
 
 776 N.W.2d 217
 
 . Notwithstanding these holdings, this Court also has held exceptional circumstances are established as a matter of law by the mere fact the guardianship was voluntarily created. That holding is overly broad.
 

 [¶ 11] We recognize today exceptional circumstances do not exist as a matter of law when a parent seeks termination of a voluntary guardianship and the juvenile court finds the original impediments have been removed. To the extent
 
 Barros
 
 and
 
 Hartleib
 
 are inconsistent with this holding, they are overruled.
 

 [¶ 12] The juvenile court here failed to find exceptional circumstances. We therefore reverse the juvenile court's order and judgment and remand for further proceedings.
 

 III
 

 [¶ 13] Although the "exceptional circumstances" issue is dispositive to this appeal, we also address issues that are likely to arise on remand.
 
 Dosland v. Netland
 
 ,
 
 424 N.W.2d 141
 
 , 142 (ND 1988). If on remand the juvenile court finds exceptional circumstances, establishment of visitation will be a relevant determination.
 

 [¶ 14] The mother argues the juvenile court erred by leaving establishment of a visitation schedule to the eldest daughter and the therapist with input from the guardian ad litem. "Generally, the trial court cannot delegate to anyone the power to decide questions of child custody or related issues. Visitation should be restricted only upon a showing by a preponderance of the evidence that unrestricted visitation is likely to endanger the child's physical or emotional health."
 
 Paulson v. Paulson
 
 ,
 
 2005 ND 72
 
 , ¶ 21,
 
 694 N.W.2d 681
 
 (citations omitted) (reversing visitation order "allowing [a psychologist] to set the visitation schedule, carte blanche" without a finding that visitation would endanger the child's physical or emotional health).
 

 "After a custody decision has been made, visitation is governed by N.D.C.C. § 14-05-22, which provides, in part:
 

 2. After making an award of custody, the court shall, upon request of the noncustodial parent, grant such rights of visitation as will enable the child and the noncustodial parent to maintain
 
 *690
 
 a parent-child relationship that will be beneficial to the child, unless the court finds, after a hearing, that visitation is likely to endanger the child's physical or emotional health.
 

 ....
 

 "The primary purpose of visitation is to promote the best interests of children. Visitation is a right of the child and is presumed to be in the child's best interest. A trial court's decision on visitation is a finding of fact that will not be reversed unless it is clearly erroneous. A trial court's findings of fact are presumptively correct. We view the evidence in the light most favorable to a trial court's findings of fact. We conclude the trial court's decision to appoint a psychologist to evaluate and facilitate visitation ... and the trial court's other visitation determinations are not clearly erroneous."
 

 Eberhardt v. Eberhardt
 
 ,
 
 2003 ND 199
 
 , ¶ 19,
 
 672 N.W.2d 659
 
 (citations and quotation marks omitted). Although N.D.C.C. § 14-05-22 applies specifically to divorces (ch. 30.1-27 covers guardianships of minors), the same rationale applies to guardianships.
 
 See
 

 Barros
 
 ,
 
 2005 ND 122
 
 , ¶ 23,
 
 701 N.W.2d 402
 
 .
 

 [¶ 15] Here, the juvenile court found visitation or parenting time "is best left to [B.Y.], with input and recommendations from Dr. Tillman [G.L.'s psychologist]." The juvenile court's order did not provide further guidance. Nowhere in the findings of fact, conclusions of law, order, or transcript does the juvenile court find visitation "is likely to endanger the child's physical or emotional health."
 
 Wigginton v. Wigginton
 
 ,
 
 2005 ND 31
 
 , ¶ 11,
 
 692 N.W.2d 108
 
 (citing
 
 Healy v. Healy
 
 ,
 
 397 N.W.2d 71
 
 , 73 (N.D. 1986) ). This was an impermissible delegation of power from the juvenile court to the eldest daughter, the psychologist, and guardian ad litem. We reverse the juvenile court's visitation order. If on remand the juvenile court finds both exceptional circumstances and that the best interest factors favor continuing custody by B.Y., the court also must make a redetermination of appropriate visitation, which the juvenile court must schedule and retain authority to modify.
 
 See
 

 Paulson
 
 ,
 
 2005 ND 72
 
 , ¶ 21,
 
 694 N.W.2d 681
 
 .
 

 IV
 

 [¶ 16] The juvenile court failed to find exceptional circumstances and thus misapplied the law. The juvenile court also impermissibly delegated visitation scheduling responsibilities. We reverse the order and judgment and remand for a proper determination consistent with this opinion. The court has discretion to receive additional evidence because of the child's age and the time passed since the last evidentiary hearing.
 

 [¶ 17] Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 Jerod E. Tufte
 

 Gerald W. VandeWalle, C.J.